■ WESLEY J. GUILIANELLE, an Infant by FRANK P. GUILIANELLE, His Guardian ad Litem, Respondent, v. WILLIAM H. BROWNELL et al., Appellants. FRANK P. GUILIANELLE, Respondent, v. WILLIAM H. BROWNELL et al., Appellants.— Appeal from an order of the Supreme Court, Warren County Special Term which directed an examination before trial of the defendants and required them to provide certain books and papers. The infant plaintiff and his father base their actions against defendants upon injuries suffered by infant plaintiff when he was struck by an automobile owned and allegedly negligently operated by defendant Brownell on May 8, 1957. The complaints allege that defendant Brownell was operating his automobile in the employ of and as an agent for defendant International Stock Food Corporation; defendants deny this allegation. Plaintiffs below were granted an examination of defendants before trial and the production of certain papers relating to the alleged employment or agency of Brownell for the corporation. Defendants do not complain of four items on which examination was permitted and of one item compelling the production of records. They contend that they should not be required to produce reports or correspondence relating to the alleged employment or agency unless the period contemplated by such order is limited in time and wholly prior to the accident. Plaintiffs, in their brief, consent to a limitation of this period to "a reasonable period of time prior to the accident", and this court so modifies the order below. Defendants contend further that they should not be compelled to produce records of the defendant corporation concerning defendant Brownell and "pertaining to social security, unemployment insurance, workmen's compensation, withholding taxes, pension, profits or bonus plans". Such records, however, are "material and necessary in the prosecution * * * of the action" within the meaning of section 288 of the Civil Practice Act

since they may tend to prove whether Brownell was an employee or an independent contractor at the date of the accident. That plaintiffs will have to prove not only employment but in addition that Brownell was engaged in his employment at the time he was driving the car does not render the first item of proof irrelevant. Defendants' final contention, that they should not be required to produce automobile-liability insurance policies owned or in possession of either defendant relating to defendant Brownell's agency or employment by defendant corporation is without merit. Such policies considered in conjunction with the records discussed immediately above, may tend to prove or disprove the alleged relationship between defendants, especially in casting light upon the parties' own view of their relationship, which, although not conclusive, is certainly relevant. That introduction of such policies into evidence might " prejudice " the defendants is clear, but relevant evidence, however prejudicial it may be, is never inadmissible for that reason alone. Order modified as indicated herein and as modified affirmed. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.